## No. 8820.

### LEAVENWORTH ET AL. *v.* BRENDEL.

SUBROGATION—*A Doctrine of Benevolence.* Leavenworth purchased certain real property of plaintiff, agreeing among other things to discharge a certain promissory note of plaintiff to McCrimmon, to pay certain other moneys to plaintiff, and that plaintiff should have a vendor's lien upon the property to secure performance. Plaintiff obtained judgment against Leavenworth for the moneys promised to him, and the foreclosure of the lien, and acquired the property by sale under this foreclosure. Leavenworth had caused the McCrimmon note, then long past due, to be assigned to a Mrs. Thompson, and, attached to a sight-draft upon himself and one Dunlevey, in favor of the Silverton State Bank, to be forwarded to the International State Bank for collection. Leavenworth and Dunlevey executed their note to the International Bank for the amount of the draft, the draft was paid, and the proceeds remitted to the Silverton Bank. The McCrimmon note was never listed in the assets of the International Bank. The

note of Leavenworth was so listed, and was renewed from time to time, and that bank in advancing money in the first instance, to pay the draft, relied entirely upon the responsibility of Dunlevey. *Held* that the International Bank did not become the owner of the McCrimmon note, or any interest therein; that the lien created by the deed of trust given to secure it, was no longer of effect, and the title of the property was quieted, in plaintiff.

*Error to San Juan District Court, Hon. W. N. Searcy, Judge.*

Mr. A. E. McGLASHAN, for plaintiffs in error.

Messrs. WAY & CURRAN, for defendant in error.

Mr. Justice Allen delivered the opinion of the court:

THIS was an action brought by Otto Brendel against the plaintiffs in error to quiet title to certain mining property.

The complaint alleged, in substance, that plaintiff, being the owner of the property, entered into a written agreement in October, 1913, with one Leavenworth, in which it was agreed that plaintiff should convey to Leavenworth the mining property, which was done; that, in consideration of the conveyance, Leavenworth should pay the unpaid taxes on the property, and also cause to be paid and discharged the unpaid balance of the indebtedness secured by a certain trust deed upon the property, executed to the public trustee as security for the payment of a note theretofore given by plaintiff to one McCrimmon for $1,200; that Leavenworth and his assigns should pay plaintiff $1,000; that Leavenworth should organize a corporation to take over the mining property, and cause plaintiff to receive certain shares of stock; and that until the full performance of all the terms and conditions of this agreement the plaintiff should have a vendor's lien upon the property to secure such payment and performance. This agreement was recorded.

The complaint further alleged that Leavenworth thereafter executed a trust deed to the public trustee, conveying the property to secure an indebtedness payable to one Thomason; that Leavenworth having defaulted in the payment

of $1,000 agreed to be paid, plaintiff obtained a judgment in the District Court against him for $1,030 and costs, and a decree was entered in the same action, foreclosing the vendor's lien in favor of plaintiff and against the property, and adjudging that the lien of Thomason (who was made a party defendant in that case) was junior and inferior to plaintiff's vendor's lien, as provided and established in the agreement of sale and purchase between plaintiff and Leavenworth. That an execution sale was thereafter had, the property purchased by plaintiff, and thereafter no redemption having been made, the plaintiff received a sheriff's deed to the property. That pursuant to the agreement between plaintiff and Leavenworth, the latter paid the indebtedness due upon the trust deed to secure the note given to McCrimmon, to the Silverton National Bank, the then owner thereof, but that Leavenworth failed and neglected to cancel and discharge the trust deed, and that the same constituted a cloud on plaintiff's title. That the defendant, The International State Bank, claimed to be in possession of the note secured by the trust deed last mentioned, and was asserting some claim against the property under the trust deed.

The answer of the International State Bank, one of the defendants below, and hereafter referred to as the defendant bank, alleged that the McCrimmon note was never paid by, assigned to, or owned by Leavenworth, but that the note was purchased by the defendant bank.

Outside of the facts pertaining to the McCrimmon note, the allegations of the complaint were either admitted or proven.

All the assignments of error are based upon the trial court's findings of fact and conclusions of law as embodied in its decree in favor of plaintiff, so far as the same concern the facts and transactions with reference to the McCrimmon note, and the rights of the defendant bank.

The trial court found that Leavenworth caused the Mccrimmon note to be assigned to one Mrs. Thomason, and then attached to a sight draft drawn upon the said Leavenworth and one Dunlavy, and that the draft with the note

attached was then forwarded to the defendant bank for collection. That Leavenworth and Dunlavy executed a joint note to the defendant bank for the sum named in the draft, and thereupon the draft was paid, and the proceeds remitted to the Silverton National Bank, the drawer of the draft. That Leavenworth procured a blank assignment of the McCrimmon note from Mrs. Thomason, and the same was turned over to the defendant bank. That the plaintiff had no knowledge or notice of the transaction, and was informed and believed that the note had been paid and discharged. That the note was never listed in the assets of the defendant bank, but that the joint note of Leavenworth and Dunlavy was so listed, and was renewed from time to time, and is held by the defendant bank as a valid claim against the makers thereof. That plaintiff was never called upon by defendant bank to pay the McCrimmon note. That the defendant bank, in advancing the money to pay the draft with the note attached thereto, did not investigate the financial standing of plaintiff, the maker of the note, but advanced the money upon the responsibility of Dunlavy, and upon the credit of Leavenworth and Dunlavy. That the bank was informed by Leavenworth that it was incumbent upon him to pay the note in controversy. That the note was long past due at the time the defendant bank advanced the money to pay the draft. That the evidence does not show a purchase of the McCrimmon note by the defendant bank, and that the bank in advancing and loaning the money to Leavenworth and Dunlavy relied upon them as its debtors, and extended their joint note from time to time, without notice to the plaintiffs.

The trial court also made findings of fact at the conclusion of the trial, which include all above mentioned and also the finding that the defendant bank at the time it advanced the money on the draft had actual notice that the note in controversy was long overdue, and that the transaction with reference to the note was not a purchase by the defendant bank in any way.

The findings of fact of the trial court were supported by

the evidence. We think that under the evidence the trial court was right in finding that the defendant bank did not purchase the McCrimmon note; that it was not entitled to hold the same as security for the money borrowed by Leavenworth and Dunlavy; that the note had been fully paid and discharged; and in holding and decreeing that the lien upon the property created by the deed of trust given to secure the payment of the note to have been extinguished and terminated, and of no force and effect, and in adjudging and decreeing that the title of the plaintiff Otto Brendel in and to the property described in the complaint be quieted.

We are unable to find that the trial court misconceived the law in finding that the defendant bank was not entitled to be subrogated to any rights held by the Silverton bank or by McCrimmon, the payee of the note.

The doctrine of subrogation is one of equity and benevolence, and its object is the prevention of injustice. *37 Cyc. 364*. The doctrine is usually applied to protect a payer who has acted on compulsion to save himself from loss, or has paid at the request of the debtor. *37 Cyc. 375*.

The facts in the case at bar do not render the doctrine of subrogation applicable in favor of the defendant bank, one of the plaintiffs in error and the only party complaining of the judgment below.

The defendant bank knew that the Silverton bank did not send to it the McCrimmon note for any other purpose than to be collected. It did not receive the note, in the capacity of an assignee, either from the Silverton bank or from Mc-Crimmon. It had no right to so receive it from Leavenworth for the reason that Leavenworth "never had possession of said note and never was the owner and holder thereof", as counsel for defendant bank themselves say. The defendant bank knew that Leavenworth never had any authority to turn over the note as security or as a note sold to it. In harmony with such knowledge it took from Leavenworth and Dunlavy their joint note. It paid nothing to Mrs. Thomason who indorsed the note. It paid nothing for the note, but advanced money to Leavenworth with

which to pay the draft, and relied for reimbursement upon the Leavenworth and Dunlavy note. It appears from the evidence that the defendant bank should be deemed to have had constructive notice of the material facts which would make it inequitable that plaintiff be compelled to pay the McCrimmon note, and thereby perform that which Leavenworth was obligated to perform.

As the evidence clearly showed that the defendant bank was not the owner of the McCrimmon note and held no equity in the same, it was not entitled to the subrogation prayed for in its supplemental or amended answer.

The judgment is affirmed.

*Affirmed.*

White, C. J. and Bailey, J. concur.